1 | CLARY, KOSTIW & LARMORE, LLP
Patrick C. Clary
2 | Nevada Bar No. 53
City Center West, Suite 503
3 | 7201 West Lake Mead Boulevard
Las Vegas, Nevada 89128
4 | Telephone: 702.382.0813

5 | Attorneys for Plaintiff

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10                              -o0o-

KNOCKOUT! SPORTS NETWORK, INC.,  )
11 | a Nevada corporation,          )
                                   )
12 |               Plaintiff,       ) NO.
                                   )
13 |          vs.                  ) <u>COMPLAINT</u>
                                   )
14 | MATT A. ROSE, ROBERT A. FREEMAN, )
JILL COSTANTINO, FRANCISCO BOZA, )
15 | CHRIS ROSE, STEPHEN MAYNARD    )
ULTIMATE SPORTS ENTERTAINMENT,   )
16 | INC., a Nevada corporation,    )
FLANGAS MCMILLAN LAW GROUP, INC.,)
17 | A Nevada corporation, DOES I-X, )
inclusive, and ROE CORPORATIONS  )
18 | I-X, inclusive,                )
                                   )
19 |               Defendants.      )
    ————————————————————————————————)

20

21                    <u>General Allegations</u>

22                              1.

23      This Court has jurisdiction over the parties to and the subject

24 matter of this case, which arises under (A) Sections 15 and 20(a) of

25 the Securities Exchange Act of 1934, as amended ("the Exchange Act"

26 herein), 15 U.S.C. §78j(b), 15 U.S.C. §78o and §78t, (B) Section 10(b)

27 of the Exchange Act, 15 U.S.C. §78j, and Rule 10b-5 ("Rule 10b-5"

28 herein) promulgated under the Exchange Act by the United States

1

Law Offices of
**CLARY, KOSTIW & LARMORE, LLP**
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

1  Securities and Exchange Commission ("the Commission" herein), 17
2  C.F.R. §240.10b-5, and (C) the supplemental jurisdiction of this
3  Court.

4                                    2.

5      The Plaintiff, Knockout! Sports Network, Inc. ("the Plaintiff"
6  or "the Company" herein), is a Nevada corporation. Defendants Matt A.
7  Rose ("Matt Rose" herein), Robert A. Freeman ("Freeman" herein), and
8  Jill Costantino ("Costantino" herein) are all residents of Clark
9  County, Nevada. Defendant Francisco Boza ("Boza" herein) is a resident
10 of the State of Florida.  Defendant Chris Rose ("Chris Rose" herein),
11 who is the brother of Matt Rose, and Defendant Stephen Maynard
12 ("Maynard" herein) are residents of Los Angeles County, California.
13 Defendant Ultimate Sports Entertainment, Inc. ("the Fraudulent
14 Company" herein) is a Nevada corporation. Defendant Flangas McMillan
15 Law Group, Inc. ("the Lawyers" herein) is a Nevada corporation. The
16 true names or capacities whether individual, corporate, associate or
17 representative or otherwise of the Defendants named herein as Does I-X
18 and Roe Corporations I-X are not known to the Company, which
19 consequently sues the said Defendants by such fictitious names, and
20 the Company will seek leave to amend this Complaint to state their
21 true names and capacities when they have been ascertained.

22                                   3.

23     In March 2003, Matt Rose was engaged as President and Chief
24 Executive Officer of the Company, which was incorporated on February
25 6, 2002 for the purpose of developing a proposed sports and
26 entertainment complex including a hotel and casino in Las Vegas,
27 Nevada, which Matt Rose represented to be a $3.2 billion project ("the
28 Project" herein). Thereafter, Freeman was named General Counsel and

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

1  Chief Operating Officer, and Costantino was named Controller.

2                                    4.

3       At or near the time of Matt Rose's engagement by the Company, a

4  written agreement ("the Employment Period" herein) was executed by and

5  between the Company and Matt Rose, which included provisions for Matt

6  Rose's confidentiality, non-competition, and non-circumvention for the

7  benefit of the Company ("the Employment Agreement" herein). Matt Rose

8  also caused all of the other Defendants herein (except for the

9  Fraudulent Company) and other third parties with whom either he and

10  the Company came into contact to sign agreements with the Company for

11  the same confidentiality, non-competition, and non-circumvention

12  provisions. Matt Rose was employed by the Company until his

13  resignation on February 8, 2005.

14                                    5.

15      During the Employment Period Matt Rose supervised and conducted

16  an offer and sale ("the Securities Offering" herein) of the common

17  stock of the Company and of loan instruments (together "the

18  Securities" herein) to third parties in May 2003 through January 2005

19  ("the Securities Offering Period"). The Securities were not registered

20  with the Commission under Section 5 of the Securities Act of 1933, as

21  amended ("the Securities Act" herein), 15 U.S.C. §77e, or any state

22  securities agency, and the Securities Offering was not properly in

23  compliance with any statutory exemption from registration. During the

24  Securities Offering Period, approximately 499,300 shares of the common

25  stock of the Company and certain loan instruments were sold to third

26  parties for approximately $2,488,500. Also during the Securities

27  Offering Period, without authorization from the Board of Directors of

28  the Company and otherwise unlawfully and illegally, Matt Rose caused

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382.7277

the Company to issue to himself 40,000,000 shares of the common stock of the Company for no consideration. During the Securities Offering Period, Matt Rose also issued 600,500 shares (including 200,000 shares issued to Maynard) of the common stock of the Company to business associates, friends and relatives for no consideration.

6.

In or about July 2004, Matt Rose had engaged the Lawyers as the Company's corporate, securities and trademark lawyers, whose services included the preparation of a so-called Private Placement Memorandum dated December 1, 2004 ("the PPM" herein), which was used in the Securities Offering after that date. The PPM included untrue statements of material facts and omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading, in violation of Section 12(a)(2) of the Securities Act, 15 U.S.C. §77*l*, and was otherwise fraudulent. Furthermore, the PPM contained, on the advice and recommendation of the Lawyers, a rescission offer of prior securities of the Company, in connection with which Matt Rose, Freeman, Costantino, Boza, Chris Rose, Maynard and the Lawyers, and each of them, knew that the Company did not have the fund to perform such rescission and that funds to perform such rescission would have to be derived from the funds provided by new investors who would become purchasers of the Securities under the PPM and was, therefore, likewise fraudulent.

7.

The Lawyers were paid from Company funds a total of $50,713, of which $40,413 was for the PPM and $10,300 of which was for the trademark work. The Lawyers resigned on February 7, 2005. During the

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

4

Securities Offering, Matt Rose caused more than 700 copies of the PPM to be sent out via UPS and the U.S. mail.

First Claim for Relief

(Sections 15 and 20(a) of the Exchange Act)

8.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-7 hereinabove as though set forth herein in haec verba.

9.

In violation of Section 15 of the Exchange Act, 15 U.S.C. §78o, during the Securities Offering Period, Matt Rose paid out of funds of the Company illegal commissions for the sale of the Securities to persons and entities which were not registered broker-dealers of securities or members of the National Association of Securities Dealers, Inc. Such misconduct included but was not limited to Matt Rose's causing the Company to pay an illegal commissions (1) to Freeman for the sale of authorized but unissued shares of the common stock of the Company to Freeman's parents, Mr. and Mrs. Greenslade and (2) to pay Tim Lantz and Harald Martin, neither of whom was or is a registered broker-dealer, for the sale of certain of the Securities. During the Securities Offering Period, salesmen received some twenty-four (24) illegal commissions for the sale of the Securities.

10.

On May 30, 2003, Matt Rose, purportedly on behalf of the Company, executed a written agreement with Maynard relating to a  non-existent loan to the Company of $50,000, in which Matt Rose agreed that (1) the Company would pay Maynard "50% of all monies raised from the sale of [the Company's] common stock . . . until 100% of [Maynard's] loan to [the Company] has been repaid," (2)  Maynard was to be issued 50,000

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

5

shares of the Company's common stock, (3) Maynard was to be issued 50,000 warrants for 50,000 additional shares of the Company's common stock at a price of $1.00 per share, and (4) Matt Rose would personally guarantee the nonexistent loan, "pledging 100% of his commissions earned from any successfully completed Real Estate transaction done with [Maynard] until 100% of [Maynard's] loan to [the Company] has been repaid." In fact, Matt Rose issued 200,000 shares of the Company's common stock to Maynard, for which the Company received no consideration. From August 14, 2003 through to August 14, 2004, Matt Rose paid from the funds of the Company to Maynard the sum of $43,730.02. Although on April 23, 2004, $115,000 in funds from Maynard were deposited in the Company's bank account at Bank of America in Pahrump, Nevada, on April 30, 2004, the $115,000 was wired back to Maynard from the said account at the insistence of Matt Rose.

11.

In June 2003, Matt Rose established an office ("the California Office" herein) purportedly for the Company in premises leased by Shiloh Investments a/k/a Friendship Realty, companies owned and controlled by Maynard, located at 879 West 190th Street, Suite 400, Gardena, California 90248, and paid from the funds of the Company, purportedly at the rate of $1.85 per square foot, $2,020 per month for June-August 2003, $2,329.50 per month for September 2003-April 2004, and $1,723.48 for May 2004 plus $810.54 for June 2004, $816.54 for July 2004, $810.54 for August 2004, and $81.05 thereafter when the California Office was closed. In fact, the Company was allocated only a small portion of the California office and was instead paying Maynard's rent for no consideration. In further violation of Section 15 of the Exchange Act, during the period that the California Office

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382.7277

6

was open, Matt Rose and Freeman illegally and unlawfully operated a "boiler room" for the Securities Offering.

12.

Matt Rose and Freeman, directly or indirectly, were controlling persons or entities under Section 20(a) of the Exchange Act, 15 U.S.C. §78y, and are liable thereunder to the Company.

13.

As a consequence of the foregoing, the Plaintiff is entitled to recover from Matt Rose and Freeman and each of them damages in an amount to be proved at trial, which is not less than $2 billion.

14.

It has been necessary for the Plaintiff to engage the services of an attorney to bring and prosecute this action, and, accordingly, the Plaintiff is entitled to recover its reasonable attorney's fees herein.

## Second Claim for Relief

(Section 10(b) of the Exchange Act and Rule 10b-5)

15.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12 and 14 hereinabove as though set forth herein in haec verba.

16.

After resigning from the Company and causing the Fraudulent Company to be organized and activated, Matt Rose falsely and fraudulently has represented to third parties that the Company was out of business and that the Fraudulent Company was taking over the Company's proposed business. Wrongfully stealing and utilizing the Company's confidential stockholder list, Matt Rose, Freeman and the

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382.7277

7

Fraudulent Company have more recently contacted various stockholders of the Company making false misrepresentations and omissions in order to seek to exchange and actually exchanging and issuing new shares of the common stock of the Fraudulent Company for previously issued and outstanding shares of the common stock of the Company held by such stockholders.

17.

Matt Rose also established a website for the Fraudulent Company, which, under the category "About Us," on April 12, 2005, contained the following language:

> For more than three years and at a cost of several million dollars, Ultimate Sports Entertainment, Inc. has been in the business of executing the dream of developing the ultimate sports destination, the most extraordinary and recognizable Sports and Entertainment Resort in the World.

By May 11, 2005, the quoted language was removed from the Fraudulent Company's website. However, the website still contained the following language:

> In addition to an extraordinary in-house team, Ultimate Sports Entertainment, Inc. has engaged the following Leaders in their respective fields:
>
> **Builders:** The Perini Building Company
> **Architect:** The Paul Steelman Design Group
> **Public Relations:** Leader Enterprises
> **Attorneys:** The law offices of Flangas and Mc Millan [sic]
> **Management:** The Navegante Group
> (Larry Woolf, CEO of The Navegante Group, is the former Chairman, President and CEO of the MGM Grand) For more information concerning the companies above, see the Team section of this web-site.

The entities listed above (except for (A) Leader Enterprises, to which Matt Rose had paid $33,188.66 between May 17 and November 15, 2004 from the funds of the Company, and (B) the Lawyers), had been described in the PPM and advertized elsewhere by Matt Rose, during the Employment Period at the Company, as the Company's "Dream Team."

Law Offices of
**CLARY, KOSTIW & LARMORE, LLP**
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

8

18.

Matt Rose, Freeman, the Fraudulent Company, and the Lawyers violated Section 10(b) of the Exchange Act by using or employing manipulative and deceptive devices or contrivances in contravention of Rule 10b-5.

19.

As a consequence of the foregoing, the Plaintiff has been damaged and is entitled to recover from Matt Rose, Freeman, the Fraudulent Company, and the Lawyers and each of them damages in an amount to be proved at trial, which is not less than $2 billion.

### Third Claim for Relief

(State Securities Violations)

20.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12, 14, and 16-18 hereinabove as though set forth herein *in haec verba*.

21.

The conduct of Matt Rose, Freeman, the Fraudulent Company and the Lawyers and each of them constitutes violation of the registration, disclosure and anti-fraud provisions of the securities law of the State of Nevada, Sections 90.211, et seq., of Nevada Revised Statutes.

22.

As a consequence of the foregoing, the Plaintiff has been damaged and is entitled to recover from Matt Rose, Freeman, the Fraudulent Company and the Lawyers and each of them damages in an amount to be proved at trial, which is not less than $2 billion.

23.

Matt Rose, Freeman, the Fraudulent Company and the Lawyers and

Law Offices of
**CLARY, KOSTIW & LARMORE, LLP**
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

1  each of them are guilty of oppression, fraud, or malice, express or

2  implied, and, therefore, the Plaintiff is also entitled to recover

3  from Matt Rose, Freeman, the Fraudulent Company and the Lawyers and

4  each of them punitive damages in an amount to be proved at trial,

5  which is not less than $6 billion.

Fourth Claim for Relief

6  

(Common Law Fraud)

7  

8  24.

9      The Plaintiff repeats and realleges the allegations contained in

10  paragraphs 1-12, 14, and 16-18 hereinabove as though set forth herein

11  in haec verba.

12  25.

13      Matt Rose forged another of the Company's officer's signature on

14  certain certificates representing shares of the common stock of the

15  Company.

16  26.

17      The conduct of Matt Rose, Freeman, Costantino, Boza, Chris Rose

18  and Maynard and each of them constitutes common law fraud.

19  27.

20      As a consequence of the foregoing, the Plaintiff is entitled to

21  recover from Matt Rose, Freeman, Costantino, Boza, Chris Rose,

22  Maynard, the Fraudulent Company and the Lawyers and each of them

23  damages in an amount to be proved at trial, which is not less than $2

24  billion.

25  28.

26      Matt Rose, Freeman, Costantino, Boza, Chris Rose, Maynard, the

27  Fraudulent Company, and the Lawyers and each of them were and are

28  guilty of oppression, fraud, or malice, express or implied, and,

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax 702.382-7277

10

1  therefore, the Plaintiff is also entitled to recover from Matt Rose,
2  Freeman, Costantino, Boza, Chris Rose and Maynard and each of them
3  punitive damages in an amount to be proved at trial, which is not less
4  than $6 billion.

Fifth Claim for Relief

(Breach of Contract)

29.

8  The Plaintiff repeats and realleges the allegations contained in
9  paragraphs 1-12, 14, and 16-18 hereinabove as though set forth herein
10 in haec verba.

30.

12 Matt Rose caused the Company to pay him a salary of $6,000 per
13 month during the remaining months of 2003, $10,000 per month for all
14 twelve months in 2004 and for the month of January 2005, and an
15 additional $4,000 for the first week of February 2005 at the time of
16 his resignation. Matt Rose, who wrote and signed all of his own
17 paychecks, failed and refused either to make deductions for
18 withholding or FICA or to make quarterly reports to the Internal
19 Revenue Service. In addition to the so-called salary payments
20 enumerated above, during 2004 Matt Rose also paid himself additional
21 unauthorized payments from the funds of the Company totaling $87,000.

31.

23 The conduct of Matt Rose constitutes breach of the Employment
24 Agreement, and the conduct of Freeman, Costantino, Boza, Chris Rose
25 and Maynard constitutes their respective breach of their aforesaid
26 agreements with the Company.

32.

28 As a consequence of the foregoing, the Plaintiff is entitled to

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

1  recover from Matt Rose, Freeman, Costantino, Boza, Chris Rose and

2  Maynard and each of them damages in an amount to be proved at trial,

3  which is not less than $2 billion.

4                    Sixth Claim for Relief

5    (Breach of the Implied Covenant of Good Faith and Fair Dealing)

6                              33.

7      The Plaintiff repeats and realleges the allegations contained in

8  paragraphs 1-12, 14, 16-18 and 30 hereinabove as though set forth

9  herein in haec verba.

10                             34.

11     By their conduct Matt Rose, Freeman, Costantino, Boza, Chris Rose

12 and Maynard and each of them breached the implied covenant of good

13 faith and fair dealing.

14                             35.

15     As a consequence of the foregoing, the Plaintiff is entitled to

16 recover from Matt Rose, Freeman, Costantino, Boza, Chris Rose and

17 Maynard and each of them damages in an amount to be proved at trial,

18 which is not less than $2 billion.

19                             36.

20     Matt Rose, Freeman, Costantino, Boza, Chris Rose and Maynard and

21 each of them were and are guilty of oppression, fraud, or malice,

22 express or implied, and, therefore, the Plaintiff is also entitled to

23 recover from Matt Rose, Freeman, Costantino, Boza, Chris Rose and

24 Maynard and each of them punitive damages in an amount to be proved

25 at trial, which is not less than $6 billion.

26 .  .  .  .

27 .  .  .  .

28 .  .  .  .

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

Law Offices of
**CLARY, KOSTIW & LARMORE, LLP**
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382.7277

Seventh Claim for Relief

(Conversion)

37.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1-12, 14, 16-18, and 30 hereinabove as though set forth herein *in haec verba*.

38.

The Company, Matt Rose and Freeman maintained a leased office at 4335 Industrial Road, Suite 400, Las Vegas, Nevada ("the Premises" herein).

39.

On February 8, 2005, the same date that Matt Rose resigned as President and chief executive officer of the Company, Maynard sent a letter to the Company which stated "that [Maynard's] gift of the Flat screen TV (the "Flat Screen TV" herein) was a gift to Matt Rose personally as an acknowledgment [sic] of our friendship and support of his initiative, and in no way should be considered the property of [the Company]." In fact, on August 5, 2004, the Company issued a check to Good Guys Electronics for $7,632.47 for the Flat Screen TV.

40.

When Matt Rose left the Premises on or about February 8, 2005, he left his key to the Premises with Freeman, Rob Yowell, Dennis Gushue, Heath-Price Kahn, and Sean Pierce, all of whom had been previously hired by Matt Rose purportedly as independent contractors for the Company, and who Matt Rose allowed to enter and to remain upon the Premises thereafter. At about the same time, Matt Rose gathered together all of the books and records of the Company, including but not limited to all copies of the Employment Agreement ("the Stolen

13

Records" herein), that were on the Premises. Matt Rose took the Stolen Records to an undisclosed location and has failed and refused to return the Stolen Records despite repeated demand therefor.

41.

On or about February 28, 2005, Matt Rose and Freeman removed from the Premises all furniture and equipment of any value belonging to the Company, including but not limited to the Flat Screen TV (collectively "the Stolen Equipment" herein). Chris Rose removed and retained a computer belonging to the Company ("the Stolen Computer" herein). Neither the Stolen Equipment nor the Stolen Computer have been returned to the Company despite repeated demands therefor.

42.

Immediately after the Lawyers' resignation as attorneys for the Company on February 7, 2005, Matt Rose and Freeman hired the Lawyers, who then formed the Fraudulent Company, of which Matt Rose immediately became the President and chief executive officer and for which Matt Rose, with the advice of the Lawyers, immediately misappropriated most if not all of the Company's intellectual property rights (except for certain copyrights issued to the Company through services of the Lawyers) ("the Stolen Intellectual Property" herein) as well as the Stolen Equipment. Matt Rose and Freeman established offices for themselves and the Fraudulent Company at 8540 South Eastern Avenue, Suite 200, Las Vegas, Nevada 89123, where the Stolen Equipment is located and being used. Matt Rose, Freeman and the Fraudulent Company have been promoting and continue to promote a fraudulent project ("the Fraudulent Project" herein), which is nearly identical to the Project Matt Rose promoted during the Employment Period at the Company.

.   .   .   .

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

14

43.

Matt Rose, Freeman, Chris Rose, and the Fraudulent Company wrongfully and illegally converted to their own use intellectual property rights of the Company and certain other personal property belonging to the Plaintiff including but not limited to the Stolen Equipment and the Stolen Computer. In addition, Chris Rose, who, together with his company, Dreamtree Media, had been paid $191,751 by the Company for website construction and management, highjacked the Company's website, shut it down, and refused to provide to the Company the access codes to the Company's website.

44.

As a consequence of the foregoing, the Plaintiff is are entitled to recover from Matt Rose, Freeman, Chris Rose, and the Fraudulent Company damages in an amount to be proved at trial, which is not less than $2 billion.

45.

Matt Rose, Freeman, Chris Rose, and the Fraudulent Company are guilty of oppression, fraud, or malice, express or implied, and, therefore, the Plaintiff is also entitled to recover from Matt Rose, Freeman, Chris Rose, and the Fraudulent Company punitive damages in an amount to be proven at trial, which is not less than $6 billion.

## Eighth Claim for Relief

(Mismanagement)

46.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12, 14, 16-18, 30 and 38-43 hereinabove as though set forth herein *in haec verba*.

. . . .

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382.7277

15

47.

Matt Rose caused false minutes of fictitious meetings of the Company's board of directors and stockholders, some of which minutes falsely stated that they were held before Matt Rose became President and Chief Executive Officer of the Company.

48.

In April 2004, Matt Rose hired Freeman, who was and is a boyhood friend of Matt Rose and an attorney not licensed to practice law in Nevada, as purportedly full-time in-house General Counsel and Chief Operating Officer for the Company. Freeman, whose office was adjacent to Matt Rose's office on the Premises, was paid $7,500 per month from the funds of the Company until Freeman resigned as general counsel and chief operating officer on February 24, 2005.

49.

In or about April 2003, Matt Rose hired Costantino, who was his live-in girlfriend, as Controller, bookkeeper, receptionist and secretary for the Company, and she was paid $3,000 per month from funds of the Company until her termination on February 7, 2005 when she received $1,500 severance pay.

50.

On or about June 12, 2003, Matt Rose hired Chris Rose (his brother) as the Company's website manager, and he was paid $6,000 per month from the funds of the Company, although Dreamtree Media, a company owned and controlled by Chris Rose, during the same period was also paid $104,567 from the funds of the Company for the same alleged services. Chris Rose was terminated by Matt Rose on or about February 7, 2005 and was paid $3,000 severance pay from the funds of the Company.

16

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax 702.382-7277

51.

On or about June 16, 2003, Matt Rose hired Justin Banks ("Banks" herein), who Matt Rose said was his step-son, as an employee of the Company, and, although Banks performed no services for the Company, he received $300 per week from the funds of the Company, which was increased to $400 per week on August 27, 2004 and to $3,000 per month on November 20, 2004. Banks was terminated on February 7, 2004, when he received severance pay of $1,500 from the funds of the Company. During the period of Banks' so-called employment by the Company, Matt Rose caused the Company to pay to Banks, who was not a licensed broker-dealer or salesman of securities, commissions for sale of certain of the Securities, even though Banks was not responsible for any sales of the Securities.

52.

From February 20 to April 2, 2004 Matt Rose caused the Company to pay to Karen Rose, a person unknown to other officers and directors of the Company, a total of $24,200.

53.

In or about October 2004, the Company hired Boza as Vice President of the Company and a purported sales representative who supposedly had the expertise to obtain sports sponsorships and endorsements for the Company. More specifically Boza was supposed to solicit potential clients for a sporting goods and apparel manufacturers' trade show that would be hosted at the Project. Prior to joining the Company, Boza worked for Communications & Show Management, Inc. ("CCSM" herein), a company located in Miami, Florida that specialized in hosting an annual trade show for sporting goods and apparel manufacturers. In November 2004, CSM initiated litigation

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 – Fax: 702.382-7277

17

against Boza in Miami-Dade County Circuit Court in Case No. 04-23595, alleging that Boza had stolen confidential trade secrets and disclosed such information to the Company. CSM sought not only to recover damages from Boza but also to enjoin him from using any alleged trade secrets in his new position with the Company. Despite the seriousness of the charges, since Boza was apparently unable to fund his own legal defense, Matt Rose and Freeman hired Dimond Kaplan & Rothstein, P.A. Attorneys at Law in Miami, Florida, to act as Boza counsel in the said litigation entirely at the cost of the Company. Matt Rose and Freeman attempted to cause the Company "to be jointly and severally responsible for all fees and costs" of the said attorneys in the representation of Boza in the said litigation.

54.

On December 13, 2004, Matt Rose entered into a written agreement with Gary and Deborah Bates ("the Bates" herein) of Las Vegas, Nevada, whereby Matt Rose agreed to sell the Bates 20,000 shares of the common stock of the Company purportedly personally owned by Matt Rose at $5.00 per share for $100,000. In fact, Matt Rose issued and delivered the said 20,000 shares to the Bates from the authorized but unissued common stock of the Company, issued an additional 20,000 shares to the Bates from the same source for no consideration, and pocketed the $100,000.

55.

By their conduct Matt Rose and Freeman were guilty of mismanagement of the Plaintiff.

56.

As a consequence of the foregoing, the Plaintiff is entitled to recover from Matt Rose, Freeman and Costantino damages in an amount

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

1  to be proved at trial, which is not less than $2 billion.

2                                   57.

3      Matt Rose, Freeman and Costantino were and are guilty of

4  oppression, fraud, or malice, express or implied, and, therefore, the

5  Plaintiff is also entitled to recover from Matt Rose, Freeman and

6  Costantino punitive damages in an amount to be proved at trial, which

7  is not less than $6 billion.

8                          Ninth Claim for Relief

9                       (Breach of Fiduciary Duty)

10                                  58.

11     The Plaintiff repeats and realleges the allegations contained in

12 paragraphs 1-12, 14, and 16-18, 19-20, 33, 38-43 and 47-54 hereinabove

13 as though set forth herein *in haec verba*.

14                                  59.

15     By their conduct Matt Rose, Freeman and Costantino breached their

16 fiduciary duties to the Company.

17                                  60.

18     As a consequence of the foregoing, the Plaintiff is entitled to

19 recover from Matt Rose, Freeman and Costantino damages in an amount

20 to be proved at trial, which is not less than $2 billion.

21                                  61.

22     Matt Rose, Freeman and Costantino were and are guilty of

23 oppression, fraud, or malice, express or implied, and, therefore, the

24 Plaintiff is also entitled to recover from Matt Rose, Freeman and

25 Costantino punitive damages in an amount to be proved at trial, which

26 is not less than $6 billion.

27 . . . .

28 . . . .

Law Offices of
**CLARY, KOSTIW & LARMORE, LLP**
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382.7277

                                   19

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

Tenth Claim for Relief

(Interference with Contractual Relations and Business Opportunity)

62.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12, 14, and 16-18, 19-20, 33, 38-43 and 47-54 hereinabove as though set forth herein *in haec verba*.

63.

By their conduct and the Fraudulent Company wrongfully and illegally interfered with the contractual relations and business opportunity of the Plaintiff.

64.

As a consequence of the foregoing, the Plaintiff is entitled to recover from all of the Defendants and each of them damages in an amount to be proved at trial, which is not less than $2 billion.

65.

All of the Defendants and each of them were and are guilty of oppression, fraud, or malice, express or implied, and, therefore, the Plaintiff is also entitled to recover from all of the Defendants and each of them punitive damages in an amount to be proved at trial, which is not less than $6 billion.

Eleventh Claim for Relief

(Unlawful Conspiracy)

66.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12, 14, and 16-18, 19-20, 33, 38-43 and 47-54 hereinabove as though set forth herein *in haec verba*.

67.

The conduct of all of the Defendants and each of them constituted an unlawful conspiracy against the Plaintiff in that the Defendants

20

and each of them were aware that the other Defendants and each of them planned to commit the wrongful acts alleged hereinabove and that the Defendants and each of them agreed with the other Defendants and each of them and intended that the wrongful acts alleged hereinabove be committed.

68.

As a consequence of the foregoing, the Plaintiff is entitled to recover from all of the Defendants and each of them damages in an amount to be proved at trial, which is not less than $2 billion.

69.

All of Defendants and each of them were and are guilty of oppression, fraud, or malice, express or implied, and, therefore, the Plaintiff is also entitled to recover from the all of the Defendants and each of them punitive damages in an amount to be proved at trial, which is not less than $6 billion.

<u>Twelfth Claim for Relief</u>

(Libel & Slander)

70.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12, 14, and 16-18, 19-20, 33, 38-43 and 47-54 hereinabove as though set forth herein *in haec verba*.

71.

In the course of the offer and sale of the Fraudulent Company's securities and at other times, Matt Rose and the Fraudulent Company have published defamatory statements against the Plaintiff, both orally and in writing, and are, therefore, guilty of committing libel and slander against the Plaintiff.

. . . .

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

Law Offices of
**CLARY, KOSTIW & LARMORE, LLP**
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

72.

As a consequence of the foregoing, the Plaintiff is entitled to recover from Matt Rose and the Fraudulent Company damages in an amount to be proved at trial, which is not less than $2 billion.

73.

Matt Rose and the Fraudulent Company were and are guilty of oppression, fraud, or malice, express or implied, and, therefore, the Plaintiff is also entitled to recover from Matt Rose and the Fraudulent Company punitive damages in an amount to be proved at trial, which is not less than $6 billion.

<u>Thirteenth Claim for Relief</u>

(Malpractice)

74.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12, 14, 16-18, 30 and 38-43 hereinabove as though set forth herein *in haec verba*.

75.

The conduct of malpractice of the law.

76.

As a consequence of the foregoing, the Plaintiff is entitled to recover from the Lawyers damages in an amount to be proved at trial, which is not less than $2 billion.

77.

The Lawyers were and are guilty of oppression, fraud, or malice, express or implied, and, therefore, the Plaintiff is also entitled to recover from the Lawyers punitive damages in an amount to be proved at trial, which is not less than $6 billion.

.  .  .  .

<u>Fourteenth Claim for Relief</u>

(Declaratory Relief)

78.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-12, 14, and 16-18, 19-20, 33, 38-43 and 47-54 hereinabove as though set forth herein *in haec verba*.

79.

The Plaintiff is entitled to a declaratory judgment that (A) the Plaintiff is the sole owner to the exclusion of Matt Rose and the Fraudulent Company of all of the Plaintiff's intellectual properties and personal property and (B) that all of the shares of the common stock of the Company referred to hereinabove and otherwise issued by or at the instance of any of the Defendants for no consideration are cancelled, null and void, and held for naught.

<u>Fifteenth Claim for Relief</u>

(Injunctive Relief)

80.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1-9, 11, and 13-15, 19-20, 33, 42-46 and 50-57 hereinabove as though set forth herein *in haec verba*.

81.

As a consequence of the foregoing, the continued actions of Matt Rose and the Fraudulent Company will cause and will continue to cause the Plaintiff immediate and irreparable injury, loss or damages.

82.

Because immediate and irreparable injury, loss or damage will result if Matt Rose and the Fraudulent Company are not enjoined from continuing their actions as aforesaid, the Plaintiff is entitled to

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax 702.382-7277

a preliminary and permanent injunction, enjoining Matt Rose, the Fraudulent Company, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them from continuing to use and to represent that they have the right to use the proprietary rights and other personal property of the Plaintiff and from stating and otherwise representing that the Company is out of business.

WHEREFORE, the Plaintiff prays for judgment as follows:

1 On the First Claim for Relief in favor of the Plaintiff and against Matt Rose and Freeman and each of them for damages in an amount to be proved at trial, which is not less than $2 billion;

2. On the Second Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman, the Fraudulent Company and the Lawyers and each of them for damages in an amount to be proved at trial, which is not less than $2 billion;

3. On the Third Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman, the Fraudulent Company and the Lawyers and each of them for damages and punitive damages in an amount to be proved at trial, which is not less than $2 billion and $6 billion, respectively;

4. On the Fourth Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman, Costantino, Boza, Chris Rose and Maynard and each of them and each them for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

5. On the Fifth Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman, Costantino, Boza, Chris Rose and Maynard and each of them for damages in an amount to be proved at trial, which

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax 702.382-7277

24

are not less than $2 billion;

6. On the Sixth Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman, Costantino, Boza, Chris Rose and Maynard and each of them for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

7. On the Seventh Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman, Chris Rose and the Fraudulent Company for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

8. On the Eighth Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman and Costantino for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

9. On the Ninth Claim for Relief in favor of the Plaintiff and against Matt Rose, Freeman and Costantino for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

10. On the Tenth Claim for Relief in favor of the Plaintiff and against all of the Defendants and each of them for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

11. On the Eleventh Claim for Relief in favor of the Plaintiff and against all of the Defendants for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

12. On the Twelfth Claim for Relief in favor of the Plaintiff and against Matt Rose and the Fraudulent Company and each of them for

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382.7277

damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

13. On the Thirteenth Claim for Relief in favor of the Plaintiff and against the Lawyers for damages and punitive damages in amounts to be proved at trial, which are not less than $2 billion and $6 billion, respectively;

14. On the Fourteenth Claim for Relief for a declaratory judgment that (A) the Plaintiff is the sole owner to the exclusion of Matt Rose and the Fraudulent Company of all of the Plaintiff's intellectual properties and personal property and (B) that all of the shares of the common stock of the Company referred to hereinabove and otherwise issued by or at the instance of any of the Defendants for no consideration are cancelled, null and void, and held for naught;

15. On the Fifteenth Claim for Relief for a preliminary and permanent injunction, enjoining Matt Rose, the Fraudulent Company, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them from continuing to use and to represent that they have the right to use the proprietary rights and other personal property of the Plaintiff and from stating and otherwise representing that the Company is out of business and enjoining them from other wrongful acts;

16. For the Plaintiff's reasonable attorney's fees herein plus costs of this action; and

17. For such other and further relief as the Court may deem just and appropriate in the premises.

PATRICK C. CLARY, CHARTERED

By _____
    Patrick C. Clary
Attorneys for Plaintiff

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel: 702.382.0813 - Fax: 702.382-7277

26

STATE OF NEVADA )
                 ): ss.
COUNTY OF CLARK )

    I, DiANNA ROACH, having been first duly sworn, upon my oath, depose and state that I am the duly elected and acting Secretary of KNOCKOUT! SPORTS NETWORK, INC., a Nevada corporation, the Plaintiff in the above-captioned case, that I have read the foregoing Complaint and know the contents thereof, and that the statements contained there are true according to my personal knowledge except for statements made on information and belief and, as to those statements, I believe them to be true.

_____
DiANNA ROACH

    SUBSCRIBED AND SWORN TO before me on March ____, 2006.

_____

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
DIANE CLARY
Appt. No. 93-0234-1
My Appt. Expires Aug. 4, 2009

Law Offices of
CLARY, KOSTIW & LARMORE, LLP
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Tel 702.382.0813 - Fax: 702.382-7277

27